IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | No.<br><br>**DEFENDANT TALENTBURST, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1367, 1441, and 1446.**<br><br>(from King County Superior Court, Case No. 26-2-32020-9 SEA) |

PLEASE TAKE NOTICE that Defendant TalentBurst, Inc. ("TalentBurst" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of Washington for the County of King based on diversity of citizenship. In support thereof, TalentBurst asserts the following:

## COMMENCEMENT OF ACTION

1. On October 1, 2026, Plaintiff Carnisha Wheeler ("Plaintiff") filed a putative class action complaint (the "Complaint") in the Superior Court of the State of Washington for the County of King, Case No. 26-2-32020-9 SEA. The Complaint asserts putative class claims under WAC



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

296-126-092, WAC 296-128-550, RCW 49.48.010, and Seattle Municipal Code ("SMC") Chapters 14.16, 14.19, and 14.20, and individual claims under RCW 49.60, SMC 14.04, RCW 49.58, and for wrongful termination in violation of public policy.[1]

2. The Complaint is brought as a putative class action pursuant to Civil Rule 23 of the Civil Rules for the State of Washington on behalf of a putative class defined as: "All hourly-paid or non-exempt employees of Defendants who performed more than two hours of work within the geographic boundaries of the City of Seattle during any two-week period at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Complaint at ¶ 6.1.

3. The Complaint alleges that venue is proper in King County because Plaintiff performed work for Defendants in King County, Defendants transact business in King County, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in King County.[2]

4. Defendant TalentBurst, Inc. was served with Plaintiff's Summons, Complaint, and other documents on October 5, 2026.

5. Defendant Neutron Holdings, Inc. (“Neutron Holdings”) was served with Plaintiff's Summons, Complaint, and other documents on October 5, 2026, and consents to removal.[3]

6. The state court action was commenced in King County Superior Court, and the Complaint and related initiating papers were filed there.

**REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP**

7. This case is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1332(a). This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. A notice of removal need contain only a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart*

---

[1] Complaint at ¶¶ 8.1–16.9.
[2] Complaint at ¶ 2.2.
[3] *See* Attachment 4.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–89 (2014).

**A. Plaintiff and Defendants Are Citizens of Different States**

8. An individual person's citizenship is established by where that person is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). A person is domiciled where he or she has established a fixed habitation or abode and intends to remain permanently or indefinitely. *Lew*, 797 F.2d at 749–50. The intention to remain may be established by factors including current residence and place of employment. *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009). Residence is prima facie evidence of domicile. *Anderson v. Watt*, 138 U.S. 694, 706 (1891).

9. Plaintiff is a citizen of the State of Washington. Plaintiff alleges that she is a resident of Washington State[4] and that she worked at a facility located at 547-549 S. River Street, Seattle, Washington from approximately March 2025 to March 2026.[5] In addition, Defendant's records reflect that Plaintiff's address was 924 3rd Avenue North, Kent, Washington 98032, including on her final paycheck issued on March 20, 2026. Plaintiff is therefore a citizen of the State of Washington for purposes of removal.

10. TalentBurst is not a citizen of Washington. For purposes of diversity, a corporation is a citizen of every state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," normally its headquarters, where its high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

11. The Complaint identifies TalentBurst as a corporation organized under the laws of the State of Delaware.[6] TalentBurst, Inc. is a Delaware corporation whose principal place of business and headquarters are at 679 Worcester Street, Natick, Massachusetts 01760, where its officers direct, control, and coordinate its activities. Accordingly, TalentBurst, Inc. is a citizen of Delaware and Massachusetts.

---

[4] Complaint at ¶ 3.1.
[5] Complaint at ¶¶ 3.1, 7.1.
[6] Complaint at ¶ 3.2.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

12. The Complaint identifies Neutron Holdings as a corporation organized under the laws of the State of Delaware.[7] On information and belief, Neutron Holdings is a Delaware corporation whose principal place of business and headquarters are at 444 Townsend Street, First Floor, San Francisco, California 94107. Accordingly, Neutron Holdings is a citizen of Delaware and California.

13. Given the above, complete diversity exists because Plaintiff is a citizen of Washington, while Defendants are citizens of Delaware, Massachusetts, and California. No Defendant is a citizen of Washington, and the forum-defendant rule of 28 U.S.C. § 1441(b)(2) therefore does not bar removal.

**B. <u>The Amount in Controversy Exceeds $75,000, Excluding Interest and Costs</u>**

14. The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of Defendant's liability. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 925, 927 (9th Cir. 2019). It reflects the maximum recovery Plaintiff could reasonably recover, and the Court must presume Plaintiff will prevail on each claim. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). A single plaintiff may aggregate all of her claims against a defendant. *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

15. Plaintiff alleges that she was terminated in retaliation for protected activity and seeks economic damages, including lost earnings.[8] According to TalentBurst's records, Plaintiff earned $26.00 per hour at the time of her separation on or about March 5, 2026, and Plaintiff alleges a full schedule of 37.5 hours per week.[9] Her annualized earnings were therefore approximately $50,700 ($26.00 × 37.5 × 52). Lost wages are measured through trial. *Chavez*, 888 F.3d at 417–18. Assuming trial approximately eighteen months after removal, back pay alone from March 5, 2026 through trial places approximately $110,000 in controversy ($975 per week × approximately 113 weeks).

---

[7] Complaint at ¶ 3.3.
[8] Complaint at ¶¶ 7.46, 7.54, 16.8–16.9.
[9] Complaint at ¶ 5.10.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

16. Plaintiff alleges that she suffers from depression, anxiety, suicidal ideation, and high blood pressure, requiring medical and mental health treatment, and seeks emotional harm damages.[10] Courts in this District have awarded substantial non-economic damages on comparable showings. In *Perez v. U.S. Postal Serv.*, 76 F. Supp. 3d 1168, 1194 (W.D. Wash. 2015), the court awarded $150,000 in non-economic damages to an employee subjected to workplace retaliation where the employee experienced severe emotional distress, including stomach problems, sleeplessness, anxiety, and depression; received extensive talk therapy and psychiatric medication; took five months of leave; and presented unrebutted expert testimony on causation. *See also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) (approving $1,000,000 in emotional distress damages on retaliation claims under Title VII and Washington law). Expert testimony is not required to recover such damages under the Washington Law Against Discrimination: proof of actual anguish or emotional distress permits recovery, and the plaintiff's own testimony may suffice. *Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 262 F. Supp. 3d 1089, 1094 (W.D. Wash. 2017) (awarding emotional distress damages after a WLAD violation where the plaintiff and her sister credibly described devastation, humiliation, emotional distress, confusion, loss of hope, and feelings that the plaintiff had failed her family following the challenged treatment and termination). Plaintiff here alleges comparable or more serious harm, including depression, anxiety, suicidal ideation, and high blood pressure, conditions she alleges she did not suffer before her employment and for which she has sought medical and mental health treatment.[11]

17. Plaintiff seeks attorneys' fees and costs.[12] Where, as here, an underlying statute authorizes an award of attorneys' fees, those fees are included in the amount in controversy. *Chavez*, 888 F.3d at 414–15; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Each of Plaintiff's statutory claims carries a fee-shifting provision: the Washington Law Against Discrimination, RCW 49.60.030(2); the Equal Pay and Opportunities Act, RCW 49.58.070;

---

[10] Complaint at ¶¶ 7.19, 7.28, 7.44, 7.51, 7.55–7.56, Prayer ¶ G.
[11] Complaint at ¶¶ 7.55–7.56.
[12] Complaint at ¶¶ 8.11, 9.7, 10.8, 11.6, 12.6, 13.6, 16.9, Prayer ¶ I.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Washington's wage recovery statute, RCW 49.48.030; and the Seattle Wage Theft Ordinance, SMC 14.20.090. The amount in controversy includes not only fees incurred as of removal but all fees Plaintiff would reasonably be expected to recover if she prevails through trial. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). A removing defendant need not prove to a legal certainty that fees will be awarded and may rely on a reasonable chain of reasoning that includes assumptions. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020); *Arias*, 936 F.3d at 927.

18. Plaintiff also seeks, on her own behalf, unpaid compensation, liquidated damages of up to twice the unpaid compensation, and penalties of up to $5,000.[13]

19. Based on the foregoing, and without conceding that Plaintiff is entitled to any recovery, Plaintiff's individual claims plausibly place more than $75,000 in controversy, exclusive of interest and costs.

**C. <u>The Court Has Supplemental Jurisdiction Over the Claims of Absent Class Members</u>**

20. Because this Court has original jurisdiction over Plaintiff's claims, it has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims of the absent putative class members, which arise from the same alleged employment practices and form part of the same case or controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 566–67 (2005).

## NO ADMISSION OF LIABILITY

21. Without conceding or admitting the merits of Plaintiff's claims, whether the claims are amenable to class treatment, or whether Plaintiff or the putative class members are entitled to damages, equitable relief, or attorneys' fees, Defendant denies each and every allegation in the Complaint. Nothing in this Notice of Removal should be construed as an admission of any allegation or liability. Defendant reserves all defenses, affirmative defenses, and motions, including its right to compel arbitration on an individual basis. Defendant refers to the Complaint solely to establish this Court's jurisdiction.

---

[13] Complaint at ¶¶ 8.11, 9.7, 10.8, 11.6, 12.6, 13.6.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**TIMELINESS OF REMOVAL**

22. The Complaint and summons were served on Defendant's registered agent on October 5, 2026. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of service of the Complaint on Defendant, and within one year of the commencement of the action. 28 U.S.C. § 1446(c)(1).

**VENUE**

23. Venue is proper in this district and division because the Superior Court of Washington, County of King is located within the federal Western District of Washington, and Plaintiff alleges that the acts and omissions occurred in King County, Washington.[14] Accordingly, this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**COMPLIANCE WITH 28 U.S.C. § 1446(d) AND LCR 101**

24. In accordance with 28 U.S.C. § 1446(d) and LCR 101, Defendant has served Plaintiff through Plaintiff's counsel with this Notice of Removal. A copy of this Notice of Removal, without its attachments, will be filed with the Superior Court for the State of Washington, in and for the County of King, attached to a pleading entitled Notice to State Court of Removal to Federal Court, which will also be served on Plaintiff through Plaintiff's counsel.

25. A Civil Cover Sheet for this case is attached as **Attachment 1** to this Notice.

26. A true and correct copy of Plaintiff's Complaint is attached as **Attachment 2** to this Notice.

27. A certificate of service listing all counsel who appeared in the State Court Action is attached as **Attachment 3**.

28. A Consent to Removal executed by counsel for Defendant Neutron Holdings, Inc. is attached as **Attachment 4**.

29. A verification of state court records will be filed separately.

30. TalentBurst reserves the right to amend or supplement the statement of its grounds

---

[14] Complaint at ¶ 2.2.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

for removal based upon discovery exchanged between the parties or circumstances that become known during the case.

31. Based on the above, TalentBurst respectfully provides notice to this Court and Plaintiff of the removal of this action under 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

DATED this 4th day of November, 2026.

JACKSON LEWIS P.C.

By: *s/ Peter H. Nohle*
Peter H. Nohle, WSBA #35849
Telephone (206) 626-6436
520 Pike Street, Suite 2300
Seattle, WA 98101
Peter.Nohle@jacksonlewis.com

Counsel for Defendant TalentBurst, Inc.

By: *s/ Sungeun Julie Kim*
Sungeun Julie Kim, WSBA #57175
Telephone (206) 626-6435
520 Pike Street, Suite 2300
Seattle, WA 98101
Julie.Kim@jacksonlewis.com

Counsel for Defendant TalentBurst, Inc.

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

Cassandra W. Lenning, WSBA #54336
Danielle E. Kim, WSBA #54154
Adarsh N. Parthasarathy, WSBA #62319
Bibiyan Law Group, P.C.
Columbia Center
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Email: clenning@tomorrowlaw.com
dkim@tomorrowlaw.com
aparthasarathy@tomorrowlaw.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

Matthew Coughlan, WSBA #56583
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone: (206) 623-3300
Facsimile: (206) 447-6965
Email: mcoughlan@littler.com

☒ via CM/ECF System
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

Alaya B. Meyers, WSBA #65617
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612-2535
Telephone: (949) 705-3000
Facsimile: (949) 724-1201
Email: ameyers@littler.com

Counsel for Defendant Neutron Holdings, Inc.

☒ via CM/ECF System
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

DATED this 4th day of November, 2026.

______________________________
Tanya Stewart



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404