# ATTACHMENT A

FILED
2026 OCT 01 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR KING COUNTY**

CARNISHA WHEELER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,

Defendants.

No.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Carnisha Wheeler ("Plaintiff"), by Plaintiff's undersigned counsel, brings this class action complaint against TalentBurst, Inc.; Neutron Holdings, Inc. ("Lime"); and any respective subsidiaries or affiliated companies within the State of Washington (collectively, with DOES 1 through 100, as further defined below, "Defendants"), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against their Washington State hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest and meal breaks to which they are entitled; (2) failing to pay



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

employees additional compensation for missed, shortened, and interrupted rest breaks and missed, late, interrupted, and on-duty meal periods; (3) failing to pay all overtime wages to employees when they work more than forty (40) hours in a workweek; (4) failing to accrue sick leave for qualifying absences by employees; (5) failing to pay all minimum wages to employees for all hours worked, including work performed before clocking in and after clocking out; (6) failing to reimburse employees for employer expenses; and (7) failing to pay all wages due at termination. Defendants' deliberate failure to pay their employees their earned wages violates the Seattle Municipal Code (SMC) and Washington State law.

1.2 Class Action. Plaintiff and the Class Members are current and former hourly-paid or non-exempt employees of Defendants who worked in Seattle city limits and have been victimized by Defendants' systemic, unlawful compensation practices. This lawsuit is brought as a class action under the SMC and Washington State law to recover unpaid wages owed to Plaintiff and those similarly situated.

1.3 Individual Claims. Defendants also engaged in, fostered, condoned, and failed to address a sexually hostile work environment. Over the course of her employment, Plaintiff was subject to harassment based on her sex and sexual orientation at the hands of male employees, and physically assaulted by a male coworker. Despite Plaintiff's multiple reports to management and Human Resources (HR) at both Lime and TalentBurst, Defendants failed to take remedial action and the situation remained unaddressed for the duration of Plaintiff's employment.

1.4 Retaliation and Termination. Defendants further retaliated against Plaintiff by terminating her employment in response to her complaints about harassment, gender-based pay discrimination, and workplace safety issues.

1.5 Relief Sought. Plaintiff additionally brings this lawsuit on behalf of herself to recover



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

economic and noneconomic damages resulting from Defendants' illegal, discriminatory, and retaliatory conduct.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010. Defendants are within the jurisdiction of this Court. Defendants TalentBurst, Inc. and Neutron Holdings, Inc. do business in the State of Washington and have operations in King County, including a warehouse located at 547-549 S. River Street, Seattle, Washington 98108, which is located within the geographic boundaries of the City of Seattle. Defendants TalentBurst, Inc. and Neutron Holdings, Inc. are registered to conduct business in the State of Washington. Defendants employ putative class members statewide, including in King County, and the unlawful acts alleged herein have a direct effect on individuals who work and live in King County.

2.2 Venue. Venue is proper in King County pursuant to RCW 4.12.025. Plaintiff performed work for Defendants in King County, Defendants transact business in King County, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in King County.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class Members in this complaint are brought solely under local and state law causes of action and are governed exclusively by the Seattle Municipal Code and Washington State law. Plaintiff asserts no federal claim and expressly disclaims any cause of action arising under federal law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Carnisha Wheeler is a resident of Washington State. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, repairing, performing maintenance, and replacing Lime vehicle tires; maintaining tire inventory; performing quality checks on vehicles; and cleaning and organizing the worksite. Plaintiff is informed and believes, and based thereon alleges, that she worked for Defendants at a Lime facility located at 547-549 S. River Street, Seattle, WA 98108 from approximately March 9, 2025, to March 4, 2026.

3.2 Defendant. Defendant TalentBurst, Inc. is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, registered to conduct business in the State of Washington, and doing business in King County and throughout the State of Washington.

3.3 Defendant. Defendant Neutron Holdings, Inc. ("Lime") is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, registered to conduct business in the State of Washington, and doing business in King County and throughout the State of Washington.

3.4 Defendants DOES 1 through 100. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

3.5 Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendants, carried out a joint



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to “Defendants,” it shall include TalentBurst, Inc., Neutron Holdings, Inc., and any of either corporate Defendant’s parent, subsidiary, or affiliated companies within Washington State, and DOES 1 through 100 identified herein.

## IV. JOINT LIABILITY ALLEGATIONS

4.1 Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venturer or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

4.2 All of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporations respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

4.3 As a result, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are joint employers.

/ /



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against their hourly-paid or non-exempt employees who performed work within the geographic boundaries of the City of Seattle, Washington.

5.2 Defendants knew or should have known Plaintiff and Class Members were entitled to receive wages for all time worked, including regular and overtime wages. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members all wages owed for work required to be performed, in violation of the Seattle Municipal Code and Washington State wage and hour laws.

5.3 Plaintiff is informed and believes, and thereon alleges, Defendants maintain a practice and/or policy of failing to track all minutes actually worked by Plaintiff and Class Members and failing to pay Plaintiff and Class Members for all minutes worked at the proper rates of pay. Defendants engaged, suffered, or permitted Plaintiff and Class Members to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, such as cleaning the work environment and taking out the trash; clock out for meal periods and continue working due to production demands and lack of sufficient coverage; and respond to phone calls and/or text messages from supervisors after hours.

5.4 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full ten-minute, off-duty, paid, and uninterrupted rest break for every four (4) hours worked, and that no employee could be required to work more than three (3) consecutive hours without a rest break. Yet, Defendants failed to authorize and permit Plaintiff and Class Members to take legally compliant rest breaks and failed to provide compensation for such



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

missed rest breaks as required by Washington State wage and hour laws.

5.5 By way of example, Defendants regularly denied Plaintiff and Class Members lawful rest periods by, without limitation, failing to authorize and permit rest breaks altogether; assigning workloads and staffing levels that made it impossible to take complete rest breaks; interrupting and shortening rest breaks by directing employees to resume work; requiring employees to carry, monitor, and respond to cellular telephones or walkie-talkies during rest breaks; failing to provide rest breaks in a timely fashion; and otherwise requiring on-duty/on-call rest breaks where employees were not completely relieved of all work duties.

5.6 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full, timely, thirty (30) minute, duty-free, and uninterrupted meal period commencing no less than two (2) hours nor more than five (5) hours from the beginning of the shift, that no employee may be required to work more than five (5) consecutive hours without a meal period, and that employees working three (3) or more hours longer than a normal work day are entitled to at least one additional thirty (30) minute meal period prior to or during the overtime period. Yet, Defendants failed to provide Plaintiff and Class Members with legally compliant meal periods and failed to provide compensation for such missed meal periods as required by Washington State wage and hour laws.

5.7 By way of example, Defendants regularly denied Plaintiff and Class Members lawful meal periods by, without limitation, interrupting and shortening meal periods by directing employees to resume work; assigning workloads and staffing levels that made it impossible to take complete meal breaks; failing to provide timely meal periods within the window prescribed by WAC 296-126-092(1); requiring employees to carry, monitor, and respond to cellular telephones or walkie-talkies during meal periods; requiring on-duty/on-call meal periods; and



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

providing short meal periods, including without limitation, meal periods that may appear on the record to be thirty (30) minutes or longer but in practice were shorter than thirty (30) minutes due to walking time required to get back to the designated workstation.

5.8 Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members for all hours worked over forty (40) in a week at a rate of not less than one and one-half times their regular rate of pay.

5.9 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class Members during workweeks in which missed rest and meal breaks extended the workweek beyond forty (40) hours.

5.10 Specifically, during workweeks in which Plaintiff worked her full schedule of 37.5 hours, Defendants' pattern and practice of requiring uncompensated, off-the-clock pre-shift and post-shift tasks, and not providing uninterrupted duty free meal periods and rest breaks, routinely pushed Plaintiff's actual hours worked past forty (40) hours in a workweek, thereby triggering unpaid overtime obligations at one and one-half times her regular rate of pay. Further, even when Defendants' official records documented that Plaintiff crossed the 40-hour threshold on her scheduled shifts alone, Defendants still failed to log or pay for her additional off-the-clock labor. By way of example, Defendants' records reflect that for the week ending January 18, 2026, Plaintiff worked 40.01 hours, and for the week ending February 8, 2026, Plaintiff worked 40.02 hours. Any off-the-clock work, and missed meal periods and rest breaks, would be owed at an overtime rate.

5.11 Defendants did not pay Plaintiff or Class Members any additional compensation for missed or interrupted rest breaks or for missed, interrupted, or on-duty meal periods. Plaintiff's wage statements and Defendants' payroll records reflect no line item, code, or other entry for any



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

such additional compensation during the Class Period.

5.12 Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class Members worked each day or the total hours they worked each week. Under the Seattle Municipal Code, an employer must keep and retain payroll records that detail the "rates or rates of pay, . . . time of day and day of the week that each employee's work week begins, hours worked each day and each work week, total daily or weekly earnings at straight-time rate, total overtime earnings for weeks in which overtime was worked, date of payment and the dates of pay period covered, total payment for each pay period, total tips for each pay period if applicable, all additions or deductions for each pay period and a record of the additions or deductions from pay." SMC 14.20.030(A). Defendants' failure creates a presumption that Defendants violated SMC 14.20 *et. seq.* for periods and for each employee for whom records were not accurately retained. SMC 14.20.030(B).

5.13 Defendants knew or should have known that Plaintiff and Class Members were entitled to paid sick leave at their regular rate of pay, accruing at a rate of not less than one hour of paid sick leave for every forty (40) hours worked. Plaintiff is informed and believes, and thereon alleges, Defendants failed to provide Plaintiff and Class Members with the rights provided to them under Seattle's Paid Sick and Safe Time Ordinance, SMC Chapter 14.16, *et seq.*, including by failing to accrue paid sick leave on the unrecorded hours that Plaintiff and Class Members worked off the clock. SMC 14.16.025.

5.14 Plaintiff is informed and believes, and based thereon alleges, that Defendants similarly failed keep and retain for three (3) years records accurately documenting compliance with SMC 14.16 *et. seq.* for each employee, including "the date of commencement of employment; hours worked including hours worked within the geographic boundaries of the City;



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

paid sick and paid safe time accrued, and any unused paid sick and paid safe time available for use; paid sick and paid safe time reductions including but not limited to paid sick and paid safe time used, paid sick and paid safe time donated to a co-worker through a shared leave program, or paid sick and paid safe time not carried over to the following year." SMC 14.16.050(A). Defendants' failure creates a presumption that Defendants violated SMC 14.16 *et. seq.* for periods and for each employee for whom records were not accurately retained. SMC 14.16.050(B).

5.15 Defendants required Plaintiff and Class Members to personally purchase and pay for equipment and supplies necessary to perform their job duties, thereby unlawfully reducing employees' wages. Defendants failed to provide or reimburse Plaintiff, and upon information and belief Class Members, for the costs incurred for purchasing equipment and supplies necessary to perform their job duties, including but not limited to tools, shoes, personal cellular phone, and tire sealant, thereby unlawfully reducing and withholding their wages under SMC 14.20.020.

5.16 Defendants knew or should have known that Plaintiff and Class Members were entitled to the timely payment of wages upon termination. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members, the full amount of their wages owed to them upon termination and/or resignation, including for failing to pay overtime wages, minimum wages, and other statutory wages.

5.17 Defendants had actual or constructive knowledge of the facts set forth above.

## VI. CLASS ACTION ALLEGATIONS

6.1 Class Definitions. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of the following Class, defined as follows:

> All hourly-paid or non-exempt employees of Defendants who performed more than two hours of work within the geographic



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

boundaries of the City of Seattle during any two-week period at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entities in which any Defendants have a controlling interest or which have a controlling interest in any other Defendant, and any of Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. All of the members of the Class are collectively referred to as "Class Members."

6.2 Numerosity. The Class is so numerous that joinder of all Class Members is neither feasible nor practical. The membership of the Class is unknown to Plaintiff at this time. However, based on Plaintiff's investigation, and on information and belief, the number of Class Members is reasonably estimated to be over a hundred individuals. The identity of Class Members is readily ascertainable from Defendants' employment records.

6.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class Members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of suffering or permitting Plaintiff and the Class Members to work off the clock before clocking in and after clocking out without compensation;

b. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a ten-minute rest break for every four hours of work;

c. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class Members to work more than three consecutive hours without a rest break;

d. Whether Defendants have engaged in a common course of failing to provide



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

Plaintiff and the Class Members with a thirty-minute meal period commencing no less than two hours nor more than five hours from the beginning of the shift, and of requiring Plaintiff and the Class Members to work more than five consecutive hours without a meal period;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received the rest and meal breaks to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class Members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members additional compensation for missed and interrupted rest breaks and for missed, interrupted, and on-duty meal periods;

i. Whether Defendants have engaged in a common course of failing to accrue sick leave for Plaintiff and the Class Members;

j. Whether Defendants have engaged in a common course of requiring Plaintiff and Class Members to personally purchase equipment and supplies necessary to perform their job duties without reimbursement, thereby unlawfully reducing and withholding their wages under SMC 14.20.020;

k. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all the wages to which they are entitled, including upon termination or resignation;

l. Whether Defendants have failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

Class Members;

m. Whether Defendants have violated WAC 296-126-092;

n. Whether Defendants have violated SMC 14.20, *et seq.*;

o. Whether Defendants have violated WAC 296-128-550;

p. Whether Defendants have violated SMC 14.16, *et. seq.*;

q. Whether Defendants have violated SMC 14.19, *et seq.*;

r. Whether Defendants have violated RCW 49.48.010; and

s. The nature and extent of class-wide injury and the measure of compensation for such injury.

6.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington during the Class Period. The claims of Plaintiff, like the claims of the Class, arise out of the same uniform policies and common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel has interests that are contrary to or that conflict with those of the proposed Class.

6.6 Superiority. Class action adjudication is superior to the other methods of adjudication for at least the following reasons:

a. The common questions of law and fact described above predominate over



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

b. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

c. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and Plaintiff's attorneys will vigorously pursue the claims on behalf of the Class Members.

d. A class action will be an efficient method of adjudicating the claims of the Class Members.

6.7 Public Policy Considerations. Employers in Washington State regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while protecting their privacy. This is particularly true here, where many of Defendants' hourly-paid and non-exempt employees, including Plaintiff, are primarily Spanish-speaking and are particularly unlikely to pursue individual claims. A class action is therefore the only realistic means by which the rights of these employees may be vindicated.

6.8 Predominance. Defendants have engaged in a common course of wage and hour abuse towards Plaintiff and members of the Class. For example, Defendants apply uniform, class-



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

wide meal and rest break, and payroll policies to all hourly-paid and non-exempt employees within the City of Seattle, and did not pay any additional compensation for missed or interrupted meal periods and rest breaks under those policies. Whether those uniform policies and practices violate the SMC and Washington State law can be resolved with common proof drawn from Defendants' own timekeeping and payroll systems. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

## VII. INDIVIDUAL ALLEGATIONS

7.1 Throughout her employment, Plaintiff worked exclusively at Lime's warehouse located at 547-549 S. River Street, Seattle, WA 98108. To the best of her knowledge, Plaintiff was the only woman employed at this facility during the duration of her employment. The rest of her coworkers identified as men.

7.2 Over the course of her employment, Plaintiff was sexually harassed by male coworkers, experienced sex discrimination with respect to her compensation, experienced harassment based on her sex and sexual orientation, and was subject to workplace safety issues, including workplace hazards and physical hostility by other employees.

7.3 Plaintiff reported each of these concerns multiple times to her management structure within both TalentBurst and Lime to no avail.

7.4 Defendants terminated Plaintiff's employment in retaliation for her protected activity.

### A. Defendants Subjected Plaintiff to a Sexually Hostile Work Environment.

7.5 Plaintiff was subject to sexual harassment by her male coworkers on a weekly basis, including verbal comments and other offensive conduct that permeated her work environment.

7.6 During her employment, Plaintiff raised concerns with management that her worksite



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

included only one restroom in the entire facility for employee use. This restroom was not a single use restroom, nor did the outer door have a lock; instead, the restroom was such that multiple employees (male and female) could use at the same time.

7.7 Further, the layout of the workspace in the Lime warehouse was such that workers had a clear line of site to identify when a fellow employee was going to the restroom.

7.8 Plaintiff's male coworkers would often time their use of the singe employee restroom to coincide with her own use of it, forcing her to use the facilities at the same time as the men.

7.9 Although the restroom contained a private stall, the placement of the urinal was directly to the right of the sink, with hardly any division.

7.10 Male employees regularly left urine on the toilet seat and the floor of the employee restroom.



*Employee restroom that was the site of harassment*



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

7.11 On multiple occasions, two of Plaintiff's male coworkers, Jonathan and Nicholas (last names unknown) exposed themselves in the restroom, showing Plaintiff their genitalia and made lewd comments to her while she was washing her hands in the employee restroom.

7.12 On other occasions, Jonathan and Nicholas made sexually lewd comments to Plaintiff while in the employee restroom without exposing themselves to her.

7.13 Plaintiff did not invite this conduct, it was unwelcome, and Plaintiff made it clear to Jonathan and Nicholas that she found it both disgusting and offensive. Jonathan and Nicholas nevertheless continued their harassment.

7.14 Plaintiff reported this conduct to her onsite Lime manager, Nate Brown. But Mr. Brown failed to take any remedial action, refusing to discipline Jonathan or Nicholas for their harassment of Plaintiff.

7.15 Instead, Mr. Brown contributed to the harassment. After he became manager, he installed cameras throughout the facility and began watching employees go in and out the restroom. On one occasion, Mr. Brown followed Plaintiff into the employee restroom and asked if she was on break while she was attempting to use the facilities.

7.16 Plaintiff continued to experience harassment on a near-weekly basis, from her first week of employment through the termination of her employment.

7.17 In addition to reporting these incidents to her onsite Lime manager, Plaintiff also reported the harassment to TalentBurst HR.

7.18 Neither Lime or TalentBurst took any steps to remedy this harassment, despite repeated complaints by Plaintiff, from her first week of employment to when Defendants' terminated her employment.

7.19 Plaintiff suffered significant harm as a result of the harassment she was subjected to,



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

requiring mental health treatment. Defendants' inaction was intended to cause, and did cause, Plaintiff emotional distress, anxiety, humiliation, and loss of enjoyment of life.

**B. Defendants Suppressed Plaintiff's Wages Due To Her Gender.**

7.20 Throughout the duration of her employment, and to the best of Plaintiff's knowledge, Defendants consistently paid her at an hourly rate less than her male coworkers performing substantially equal work.

7.21 By way of example, Plaintiff was hired by Lime through TalentBurst at a rate of $24.50 per hour.

7.22 Several months after she started, Defendants hired a male employee, Michael McLean, at a rate $27.00 per hour, to service Lime Bikes. Plaintiff's role—a "Wheel Specialist" servicing Lime Scooters, rather than Bikes—was otherwise identical to Mr. McLean's role. Plaintiff also understood from supervisors that Lime Scooters brought in significantly more income than Lime Bikes.

7.23 Although Defendants were paying Plaintiff $2.50 per hour less than Mr. McLean, Defendants required Plaintiff to train Mr. McLean, as he had no experience servicing Lime's products (bikes or scooters).

7.24 Additionally, Plaintiff observed Mr. McLean to have a far lower workload. Based on her own experience working for Lime and what she had heard from supervisors, Plaintiff understood the demand for Lime Bike repair was far lower than the demand for Lime Scooter repair. Lime's management shared with Plaintiff's team numbers indicated Plaintiff's output (i.e. number of repairs made) was significantly higher than the bike team, despite Ms. Wheeler being the only scooter "Wheel Specialist" employed at her worksite. For instance, statistics distributed over her workplace's Slack Channel ("iwh-cw-team") by Chis Page, Lime's on-site Operations



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

Coordinator, reflected "Stats from 1/21/26" of 49 bike repairs against 174 scooter repairs.

7.25 Plaintiff raised this comparative workload and pay disparity with both Mr. Brown and Madison Murdock, TalentBurst's People Operations Manager (supporting HR), expressing concerns regarding gender discrimination.

7.26 Both Mr. Brown and Ms. Murdock refused to consider Plaintiff's concerns about the gender-based pay disparity, claiming they would be unable to review her hourly rate until her six-month review was completed.

7.27 Plaintiff ultimately received a raise as part of her six-month review. While her review was positive, Plaintiff's rate was only raised to $26.50 an hour, remaining 50 cents less than Mr. McLean, who performed equal or lesser work and whom she had trained.

7.28 Plaintiff suffered significant harm, including both economic and emotional harm, as a result of the discrimination she was subject to, requiring mental health treatment. Defendants' inaction was intended to cause, and did cause, Plaintiff emotional distress, anxiety, humiliation, and loss of enjoyment of life.

**C. Defendants Ignored Safety Concerns Plaintiff Raised.**

7.29 During the course of her employment, Plaintiff raised a number of safety concerns to Defendants related to her work environment.

7.30 For example, throughout the duration of her employment, the Lime warehouse had a leaky roof which was dripping dirty, brown water directly onto Plaintiff and her work area.

7.31 When Plaintiff raised this concern to management, they refused to fix it, stating the entire roof needed replacement, but they were unwilling to bear the burden of the cost.

7.32 Another safety concern involved Plaintiff's role in replacing tires on Lime's scooters. Lime scooter tires contain a liquid tire puncture sealant to automatically seal small punctures



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

sustained during use of the scooter. In the course of performing her role, Plaintiff was required to cut open and remove tires from Lime scooters to prepare them for a tire replacement. Plaintiff estimates she did this for approximately one hundred tires per day.

7.33 Plaintiff was expected to perform this role with minimal personal protective equipment ("PPE") that consisted of standard latex gloves and a set of safety glasses that did not create a seal around the eyes, and were not intended to protect against liquid or aerosolized chemical puncture sealant.

7.34 In the course of cutting open the tires, the tire's puncture sealant would often splatter and splash on Plaintiff, including on her front, the skin of her arms, her eyes, her mouth, and her hair. Plaintiff experienced skin irritation when the sealant landed on her face and arms. She similarly experienced eye irritation when the sealant landed in her eyes. In particular, the sealant contained small beads which would create an abrasive effect in her eye.

7.35 The sealant also had a strong chemical odor which Plaintiff was subjected to throughout her shift. Plaintiff experienced respiratory difficulty as a result of the chemical smell created by the sealant.

7.36 Plaintiff made repeated complaints to Defendants about the hazards this sealant posed, including reporting the physical symptoms she was experiencing. She was particularly concerned that she had no knowledge about the composition of the sealant.

7.37 Despite repeated reports, Defendants took no action to address the safety issues. Eventually, Lime provided Plaintiff with an apron, but otherwise required her to use the same insufficient PPE they previously had provided.

### D. Plaintiff's Male Coworker Physically Assaulted Her in the Workplace.

7.38 On March 4, 2026, upon reporting for her scheduled shift, one of Plaintiff's male



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

coworkers, Courtney Miller, approached her workstation and began handling her tools and work materials.

7.39 Plaintiff asked Mr. Miller, who did not have a shift scheduled that day, not to touch her tools and materials.

7.40 In response, Mr. Miller became extremely agitated. He first became verbally aggressive, yelling at Plaintiff and making derogatory remarks about her gender and sexual orientation. Among the things Mr. Miller shouted at Plaintiff was asking when she plans on becoming a "real woman," a comment on Plaintiff's sexual orientation.

7.41 When Plaintiff refused to engage, Mr. Miller became physically aggressive and attempted to charge Plaintiff. Other employees, including Mike and Manuel (last names unknown) were forced to physically restrain Mr. Miller to prevent him from hurting Plaintiff.

7.42 Plaintiff, fearing for her physical safety, took out her phone and recorded Mr. Miller. The video depicts the aftermath of the incident, with Mr. Miller still yelling across the warehouse at Ms. Wheeler.

7.43 Lime's warehouse contained many security cameras. On information and belief, the entirety of the incident was captured on those cameras.

7.44 Plaintiff suffered significant harm as a result of the workplace assault, requiring mental health treatment. Defendants' inaction was intended to cause, and did cause, Plaintiff emotional distress, anxiety, humiliation, and loss of enjoyment of life.

**E. Defendants Discriminated and Retaliated Against Plaintiff by Terminating Her Employment.**

7.45 Immediately after Mr. Miller assaulted Plaintiff on March 4, 2026, Plaintiff texted her manager Mr. Brown and Chris Page, a Lime Operations Coordinator who worked above Plaintiff



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

at the warehouse, to report the incident. When she met with Mr. Brown later that day, he smirked at her and indicated that she would be fired for fighting.

7.46 The next day, Plaintiff received a call from Ms. Murdock at TalentBurst terminating her employment, citing a zero tolerance policy for fighting.

7.47 Ms. Murdock never asked Plaintiff what had occurred and refused to hear Plaintiff's account of the assault or review the video evidence. Upon information, Ms. Murdock also failed to speak to the other witnesses who had been present, employees Mike and Manuel (last names unknown), who had to physically restrain Mr. Miller, to get their account of what had occurred.

7.48 Defendant's stated reason for terminating Plaintiff's employment was pretextual.

7.49 Despite its claimed zero tolerance policy, Defendants did not terminate Mr. Miller's employment after he verbally and physically attacked Plaintiff, and he retained his same position at Lime.

7.50 Further, during the course of her employment, Plaintiff witnessed multiple male employees engage in fights. Although those fights were also reported, none of the male employees were fired for fighting. For example, Plaintiff witnessed two of her coworkers, Mike and Dennis (last names unknown) engaging in a physical fight in the workplace involving hammers and drills. In response, Defendants did not fire either man; instead, their only discipline was being sent home for the rest of their shift.

7.51 Plaintiff suffered significant harm as a result of the discrimination and retaliation she was subject to, requiring mental health treatment. Defendants' inaction was intended to cause, and did cause, Plaintiff emotional distress, anxiety, humiliation, and loss of enjoyment of life.

**F. Plaintiff has Suffered, And Continues to Suffer, Economic and Emotional Harm.**



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

7.52 Plaintiff suffered sexual harassment, pay discrimination, an unsafe work environment, discrimination based on her gender and sexual orientation, physical assault, and retaliation during the course of her employment with Defendants.

7.53 Despite repeated protected reports to her management chain, Defendants failed to remedy or make any attempt to remedy Plaintiff's working conditions.

7.54 Instead, when the chance arose, Defendants terminated Plaintiff's employment in retaliation for her repeated protected activity.

7.55 Plaintiff's time working for Defendants has deeply affected her mental and physical health. Plaintiff has been forced to seek medical treatment, including mental health treatment, to address the fallout from what she suffered in Defendants' employ.

7.56 In particular, Plaintiff suffers from depression, anxiety, suicidal ideation, and high blood pressure following her employment with Defendant. These are conditions Plaintiff did not suffer from prior to working for Defendants.

## VIII. FIRST CLAIM FOR RELIEF

**(Violations of WAC 296-126-092 and SMC 14.20.020 – Failure to Provide Rest and Meal Breaks)**

**(on behalf of Plaintiff and the Class)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 The City of Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

8.3 "Compensation" is defined as "payment owed to an employee by reason of



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

employment including, but not limited to . . . rest breaks . . . ." SMC 14.20.010.

8.4 WAC 296-126-092(4) provides that employees "shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time[,]" that rest periods "shall be scheduled as near as possible to the midpoint of the work period[,]" and that "[n]o employee shall be required to work more than three hours without a rest period."

8.5 WAC 296-126-092(1) provides that employees "shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift[,]" and that meal periods "shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer." WAC 296-126-092(2) provides that "[n]o employee shall be required to work more than five consecutive hours without a meal period."

8.6 WAC 296-126-092(3) provides that "[e]mployees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period."

8.7 Under Washington State law and Seattle's Wage Theft Ordinance, Defendants have an obligation to provide Seattle employees with the rest and meal breaks to which they are entitled.

8.8 Under Washington State law and Seattle's Wage Theft Ordinance, Defendants have an obligation to ensure that employees receive the rest and meal breaks to which they are entitled.

8.9 Under Washington State law and Seattle's Wage Theft Ordinance, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break and thirty minutes of additional pay for each missed meal period.



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

8.10 By the actions alleged above, Defendants have violated the provisions of WAC 296-126-092 and SMC 14.20.020.

8.11 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member; liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved party was subject to prohibited retaliation; and attorneys' fees and costs.

## IX. SECOND CLAIM FOR RELIEF

**(Violation of WAC 296-128-550 and SMC 14.20.020 – Failure to Pay Overtime Wages)**

**(on behalf of Plaintiff and the Class)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 The City of Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

9.3 "Compensation" is defined as "payment owed to an employee by reason of employment including, but not limited to . . . overtime . . . ." SMC 14.20.010.

9.4 WAC 296-128-550 defines employees' regular rate of pay and overtime pay, specifying that employees are "entitled to one and one-half times the regular rate of pay for all hours worked in excess of forty per week."

9.5 Rest breaks are paid time on the employer's time and are compensable hours worked.



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

Off the clock work, time that Plaintiff and Class Members worked in lieu of authorized rest breaks, and time worked during unpaid or interrupted meal periods, all constitute hours worked that Defendants were required to count toward the forty-hour overtime threshold and to compensate at the applicable overtime rate.

9.6 By the actions alleged above, Defendants have violated the provisions of WAC 296-128-550 and SMC 14.20.020.

9.7 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member; liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved party was subject to prohibited retaliation; and attorneys' fees and costs.

## X. THIRD CLAIM FOR RELIEF

**(Violations of SMC 14.16.025 and SMC 14.20.020– Failure to Accrue Paid Sick Leave)**

**(on behalf of Plaintiff and the Class)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Seattle Paid Sick and Safe Time Ordinance requires that "[e]mployees of a Tier 3 employer shall accrue at least one hour of paid sick and paid safe time for every 30 hours worked." SMC 14.16.025.

10.3 A "Tier 3" employer is one that "employs 250 or more full-time equivalents, regardless of where those employees are employed, on average per calendar week."



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

10.4 Upon information and belief, Defendants TalentBurst and Neutron Holdings each employ 250 or more full-time employees.

9.8 Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

10.5 It further defines "Compensation" as "payment owed to an employee by reason of their employment including . . . promised or legislatively required paid leave . . . ." SMC 14.20.010.

10.6 Pursuant to SMC 14.16.110 and 14.20.090, Defendants must compensate Plaintiff and the Class Members at their regular and normal wages.

10.7 By the actions alleged above, Defendants have violated SMC 14.16.025 and SMC 14.20.020.

10.8 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.16.110 and SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member; liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved party was subject to prohibited retaliation; and attorneys' fees and costs.

/ /

/ /



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

## XI. FOURTH CLAIM FOR RELIEF

**(Violations of SMC 14.19, *et seq.* and SMC 14.20.020 – Failure to Pay Minimum Wages and Payment of Wages Less Than Entitled)**

**(on behalf of Plaintiff and the Class)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The City of Seattle's Minimum Wage Ordinance sets out the minimum hourly wage due to an employee for each hour worked during a pay period. SMC 14.19.010.

11.3 The City of Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

11.4 "Compensation" is defined as "payment owed to an employee by reason of employment including, but not limited to . . . salaries, wages, tips, overtime, commissions, piece rate, bonuses, rest breaks . . . ." SMC 14.20.010.

11.5 By the actions alleged above, including by suffering or permitting Plaintiff and Class Members to work off the clock without any compensation whatsoever, Defendants have violated the provisions of SMC 14.19, *et seq.* and SMC 14.20.020.

11.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.19.110 and SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member; liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

party was subject to prohibited retaliation; and attorneys' fees and costs.

## XII. FIFTH CLAIM FOR RELIEF

**(Violations of SMC 14.20.020 – Failure to Reimburse Employer Expenses)**

**(on behalf of Plaintiff and the Class)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 The City of Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

12.3 "Compensation" is defined as "payment owed to an employee by reason of employment including . . . reimbursement for employer expenses." SMC 14.20.010.

12.4 Employers are required to "indemnify the employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties, or of the employee's obedience to the directions of the employer . . . ." SMC 14.20.010.

12.5 By failing to reimburse Plaintiff and Class Members the costs incurred for purchasing equipment and supplies necessary to perform their job duties, including but not limited to tools, shoes, personal cellular phone, and tire sealant, Defendants have violated SMC 14.20.020.

12.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member; liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved party was subject to



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

prohibited retaliation; and attorneys' fees and costs.

## XIII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 and SMC 14.20.020 – Failure to Pay All Wages Due at Termination)**

**(on behalf of Plaintiff and the Class)**

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages" unless the deduction falls within one of the exceptions enumerated in RCW 49.48.010(3)(a)-(c).

13.3 The City of Seattle's Wage Theft Ordinance provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

13.4 "Compensation" is defined as "payment owed to an employee by reason of employment including, but not limited to, salaries, wages, tips, overtime, commissions, piece rate, bonuses, rest breaks, promised or legislatively required paid leave, and reimbursement for employer expenses." SMC 14.20.010.

13.5 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010 and SMC 14.20.020.

13.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages under SMC 14.20.090, including, without limitation, the payment of any unpaid compensation plus interest due to each class member and liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000.00 if the aggrieved party was subject to prohibited retaliation; and attorneys' fees and costs.

## XIV. SEVENTH AND EIGHTH CLAIMS FOR RELIEF

**(Violations of RCW 49.60, *et seq.* and SMC 14.04 *et. seq.*– Hostile Work Environment and Retaliation)**

**(on behalf of Plaintiff individually)**

14.1 Plaintiff realleges and reincorporates by reference each and every allegation set forth in the preceding paragraphs.

14.2 The Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, employers are prohibited from discriminating against employees on the basis of sex or sexual orientation, and are obligated to take prompt and effective remedial action when put on notice of discrimination. Employers are further prohibited from retaliating against employees who oppose discriminatory practices in the workplace.

14.3 SMC 14.04 *et. seq.*, which governs unfair employment practices, similarly prohibits employers from discriminating against or harassing any person based on their sex or sexual orientation.

14.4 Sexual harassment constitutes unlawful employment discrimination under WLAD, RCW 49.60, *et seq.*, and the Seattle Municipal Code, SMC 14.04 *et. seq.*. A sexually-hostile work environment exists when an individual experiences unwelcome language or conduct concerning



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

their sex that is so offensive or pervasive that it altered the conditions of employment; and management knew or should have known of the conduct or language and failed to take reasonably prompt and adequate corrective action reasonably designed to end that conduct or language.

14.5 Plaintiff belongs to a protected class on the basis of her sex and sexual orientation.

14.6 Plaintiff suffered a hostile work environment by reason of her gender and sexual orientation.

14.7 Defendants' owners, managers, partners, or corporate officers, through Plaintiff's reports of violative conduct, knew or should have known of the conduct or language and failed to take reasonably prompt and adequate corrective action reasonably designed to end the sexually-offensive and discriminatory conduct or language.

14.8 Defendants further retaliated against Plaintiff in part for opposing discrimination in the workplace by creating intolerable working conditions and terminating her employment.

## XV. ELEVENTH CLAIM FOR RELIEF

**(Violations of RCW 49.58, *et seq.* – Discriminatory Pay and Retaliation)**

**(on behalf of Plaintiff individually)**

15.1 Plaintiff realleges and reincorporates by reference each and every allegation set forth in the preceding paragraphs.

15.2 Pursuant to the Washington Equal Pay and Opportunities Act (EPOA), it is unlawful for an employer to discriminate in any way in providing compensation based on a person's gender. RCW 49.58.020(1). The EPOA further prohibits employers from retaliating, discharging, or otherwise discriminating against an employee due to an employee's complaint. RCW 49.58.050.

15.3 SMC 14.04 *et. seq.*, which governs unfair employment practices, similarly prohibits



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

employers from discriminating against any person with respect to their wages or compensation.

15.4 Defendants paid Plaintiff less than one or more male employees for the performance of work requiring similar skill, effort, and responsibility, and performed under similar working conditions.

15.5 After Plaintiff raised concerns about the gender-based wage disparity, Defendants raised her rate to a level still less than that which similarly situated male employees made.

15.6 Defendants ultimately terminated Plaintiff in part in retaliation for raising pay equity concerns.

## XVI. TWELFTH CLAIM FOR RELIEF

**(Violations of RCW 49.17, *et seq* and Wrongful Termination in Violation of Public Policy)**

**(on behalf of Plaintiff individually)**

16.1 Plaintiff realleges and reincorporates by reference each and every allegation set forth in the preceding paragraphs.

16.2 Washington State common law recognizes a tort of wrongful termination in violation of public policy.

16.3 Pursuant to RCW 49.17, *et seq.*, it is the public policy of the State of Washington to assure the "safe and healthful working conditions for every man and woman" working within its borders.

16.4 It is illegal in Washington State for an employer to terminate or otherwise retaliate against an employee for exercising a legally-protected right or privilege, including but not limited to reporting what the employee reasonably believed to be employer misconduct.

16.5 Plaintiff raised numerous workplace safety concerns throughout the duration of her employment with Defendants. Defendants refused to take remedial action to correct the issues.



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

16.6 Defendants had direct knowledge of Plaintiff's protected activity through its management and HR personnel.

16.7 Defendants ultimately terminated Plaintiff at least in part in retaliation for raising workplace safety concerns.

16.8 As a direct and proximate result of her wrongful termination, Plaintiff has suffered and continues to suffer a loss of earnings and other employment benefits, as well as humiliation, mental anguish, and emotional and physical distress.

16.9 Plaintiff is entitled to economic and noneconomic damages, interest, and attorneys' fees and costs.

## XVIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the members of the Class, prays for a judgment against Defendants as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as representative of the Class;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate the Seattle Municipal Code and/or Washington State law;

E. Award Plaintiff and the Class Members all unpaid compensation, including unpaid minimum wages, unpaid overtime wages, and all compensation owed for missed, shortened, and interrupted rest breaks and for missed, late, interrupted, and on-duty meal periods;

F. Award Plaintiff and the Class Members liquidated damages in an amount equal to twice the unpaid compensation, pursuant to SMC 14.16.110, SMC 14.19.110, and SMC



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
(206) 225-2043

14.20.090;

G. Award Plaintiff economic and emotional harm damages in an amount to be proven at trial;

H. Enjoin Defendants from continuing the unlawful policies and practices alleged herein;

I. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

J. Award pre-judgment and post-judgment interest to Plaintiff and the Class Members, as provided by law; and

K. Grant such other and further relief as this Court deems just and proper.

DATED this 30th day of September, 2026. **BIBIYAN LAW GROUP, P.C.**

By: */s/ Cassandra W. Lenning*

Cassandra W. Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Adarsh N. Parthasarathy, WSBA No. 62319
**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Phone: (206) 225-2043
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*
*aparthasarathy@tomorrowlaw.com*

*Attorneys for Plaintiff*

FILED
2026 OCT 01 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| CARNISHA WHEELER<br><br>Plaintiff(s)<br>vs<br><br>TALENTBURST, INC.<br><br>Defendant(s) | No. 26-2-32020-9 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Haydee Vargas, Dept. 12**<br><br>FILED DATE: 10/01/2026<br>TRIAL DATE:10/04/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk’s Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 10/01/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 03/11/2027 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2*]. | 03/11/2027 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/25/2027 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 05/03/2027 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 06/14/2027 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/28/2027 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/28/2027 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/16/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 09/07/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 09/13/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 09/13/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/20/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/27/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/27/2027 |
| | Trial Date [*See KCLCR 40*]. | 10/04/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 10/01/2026

Averil Rothrock

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

Averil Rothrock

PRESIDING JUDGE

FILED
2026 OCT 01 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| WHEELER<br><br>VS<br><br>TALENTBURST, INC. | No. 26-2-32020-9 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

EMP - Employment

**AREA OF DESIGNATION**

SEA Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2026 OCT 01 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR KING COUNTY**

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | No.<br><br>**SUMMONS** |

TO: ALL DEFENDANTS NAMED HEREIN

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

is asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 30th day of September, 2026. **BIBIYAN LAW GROUP, P.C.**

By: *<u>/s/ Cassandra W. Lenning</u>*

Cassandra W. Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Adarsh N. Parthasarathy, WSBA No. 62319
**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Phone: (206) 225-2043
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*
*aparthasarathy@tomorrowlaw.com*

*Attorneys for Plaintiff*

FILED
2026 OCT 13
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 26-2-32020-9 SEA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s).<br>Vs.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; et al.,<br><br>Defendant(s). | NO. 26-2-32020-9 SEA<br><br>DECLARATION OF SERVICE OF: SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE INFORMATION COVER SHEET AND AREA DESIGNATION; ORDER SETTING CIVIL CASE SCHEDULE. |

STATE OF WASHINGTON
COUNTY OF KING

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 2:25 P.M. on October 5th, 2026, at 3400 Capitol Boulevard Southeast, Suite 101, Tumwater, Washington, I duly served the above-described documents in the above-described matter upon TalentBurst, Inc., by then and there personally delivering a true and correct copy thereof by leaving the same with Debbie Payne, Supervisor for Registered Agent Solutions, Inc., its Registered Agent, who is authorized to receive service.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| | |
|---|---|
| Process Fee: | 12.00 |
| Prep: | 10.00 |
| Travel: | 105.00 |
| Bad Address: | |
| Trace: | |
| Special Fee: | |
| Declaration Fee: | 12.00 |
| TOTAL | $139.00 |

Signed at Seattle, Washington, on 10/9/26

RICHARD KOHNENBERGER KING CO. # 0203336

## SUPERIOR COURT FOR THE STATE OF WASHINGTON FOR KING COUNTY

CARNISHA WHEELER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,

Defendants.

No. 26-2-32020-9 SEA

**SUMMONS**

TO: ALL DEFENDANTS NAMED HEREIN

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

FILED
2026 OCT 13
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 26-2-32020-9 SEA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

CARNISHA WHEELER, individually and on behalf of all others similarly situated,

Plaintiff(s),

Vs.

TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; et al.,

Defendant(s).

NO. 26-2-32020-9 SEA

DECLARATION OF SERVICE OF: SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE INFORMATION COVER SHEET AND AREA DESIGNATION; ORDER SETTING CIVIL CASE SCHEDULE.

STATE OF WASHINGTON
COUNTY OF KING

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 12:13 P.M. on October 5th, at 128 10th Avenue Southwest, Floor 3, Olympia, Washington, I duly served the above-described documents in the above-described matter upon Neutron Holdings, Inc., by then and there personally delivering a true and correct copy thereof by leaving the same with Ana Herrera Carlon, Registered Agent Specialist for CCS Global Solutions, Inc., its Registered Agent, who is authorized to receive service.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington, on 10/9/26

| | |
|---|---|
| Process Fee: | 12.00 |
| Prep: | 10.00 |
| Travel: | 90.00 |
| Special Attempt: | |
| Bad Address: | |
| Declaration Fee: | 12.00 |
| Special Service: | |
| Trace: | |
| TOTAL | $124.00 |

RICHARD KOHNENBERGER, KING CO. # 0203336

## SUPERIOR COURT FOR THE STATE OF WASHINGTON
## FOR KING COUNTY

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-2-32020-9 SEA<br><br>**SUMMONS** |

TO: ALL DEFENDANTS NAMED HEREIN

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

THE HONORABLE HAYDEE VARGAS

FILED
2026 OCT 14 11:57 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-2-32020-9 SEA<br><br>NOTICE OF APPEARANCE OF PETER H. NOHLE<br><br>[CLERK'S ACTION REQUIRED] |

TO: Carnisha Wheeler, Plaintiff;

AND TO: Cassandra W. Lenning, Danielle E. Kim, and Adarsh N. Parthasarathy, Bibiyan Law Group, P.C., Attorneys for Plaintiff.

AND TO: Clerk of the Court.

PLEASE TAKE NOTICE that Peter H. Nohle of the law firm Jackson Lewis P.C., hereby enters his appearance in this case for Defendant TalentBurst, Inc. You are hereby requested to serve all further papers and pleadings in this case, except original process, at the address stated below. Defendant reserves the right to assert all defenses under CR 12, common law, and applicable statutes.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 14th day of October, 2026.

JACKSON LEWIS P.C.

By: *s/ Peter H. Nohle*
Peter H. Nohle, WSBA #35849
Telephone (206) 626-6436
520 Pike Street, Suite 2300
Seattle, WA 98101
Peter.Nohle@jacksonlewis.com

Counsel for Defendant TalentBurst, Inc.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

Cassandra W. Lenning, WSBA #54336
Danielle E. Kim, WSBA #54154
Adarsh N. Parthasarathy, WSBA #62319
Bibiyan Law Group, P.C.
Columbia Center
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Email: clenning@tomorrowlaw.com
dkim@tomorrowlaw.com
aparthasarathy@tomorrowlaw.com

Counsel for Plaintiff

☒ via King County Superior Court E-Filing
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

DATED this 14th day of October, 2026.

______________________________
Tanya Stewart



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

THE HONORABLE HAYDEE VARGAS

FILED
2026 OCT 14 11:59 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CARNISHA WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBURST, INC., a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-2-32020-9 SEA<br><br>NOTICE OF APPEARANCE OF SUNGEUN JULIE KIM<br><br>[CLERK’S ACTION REQUIRED] |

TO: Carnisha Wheeler, Plaintiff;

AND TO: Cassandra W. Lenning, Danielle E. Kim, and Adarsh N. Parthasarathy, Bibiyan Law Group, P.C., Attorneys for Plaintiff.

AND TO: Clerk of the Court.

PLEASE TAKE NOTICE that Sungeun Julie Kim of the law firm Jackson Lewis P.C., hereby enters her appearance in this case for Defendant TalentBurst, Inc. You are hereby requested to serve all further papers and pleadings in this case, except original process, at the address stated below. Defendant reserves the right to assert all defenses under CR 12, common law, and applicable statutes.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 14th day of October, 2026.

JACKSON LEWIS P.C.

By: *s/ Sungeun Julie Kim*

Sungeun Julie Kim, WSBA #57175
Telephone (206) 626-6435
520 Pike Street, Suite 2300
Seattle, WA 98101
Julie.Kim@jacksonlewis.com

Counsel for Defendant TalentBurst, Inc.

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

Cassandra W. Lenning, WSBA #54336
Danielle E. Kim, WSBA #54154
Adarsh N. Parthasarathy, WSBA #62319
Bibiyan Law Group, P.C.
Columbia Center
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Email: clenning@tomorrowlaw.com
dkim@tomorrowlaw.com
aparthasarathy@tomorrowlaw.com

Counsel for Plaintiff

☒ via King County Superior Court E-Filing
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

DATED this 14th day of October, 2026.



Tanya Stewart



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

FILED
2026 OCT 22 10:01 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-32020-9 SEA

The Honorable Haydee Vargas
Dept. 12
Trial Date: 10/04/2027

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

CARNISHA WHEELER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TALENTBURST, INC, a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,

Defendants.

Case No. 26-2-32020-9 SEA

**NOTICE OF APPEARANCE**

TO: Clerk of the Court

AND TO: Carnisha Wheeler, Plaintiff

AND TO: All Counsel of Record

PLEASE TAKE NOTICE that Defendant NEUTRON HOLDINGS, INC., without waiving any defense of lack of jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process, hereby enters its appearance in the above-entitled action by and through the undersigned attorneys and requests that notice of all further proceedings in said action, except original process, be served upon the undersigned at the address stated below:



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Matthew Coughlan, WSBA #56583
mcoughlan@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Alaya B. Meyers, WSBA #65617
ameyers@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612-2535
Telephone: 949.705.3000
Facsimile: 949.724.1201

Dated: October 22, 2026

*/s/ Matthew Coughlan*
Matthew Coughlan, WSBA Bar No. 56583
mcoughlan@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

*/s/ Alaya B. Meyers*
Alaya B. Meyers, WSBA #65617
ameyers@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612-2535
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
NEUTRON HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On October 22, 2026, I

| | |
|---|---|
| ☒ | **ELECTRONICALLY FILED** the foregoing document(s) via the King County Superior Court E-Filing System and served a copy via the King County e-filing application, per Amended Local General Rule 30 requiring mandatory e-service of all electronic court filings. |

| | | |
|---|---|---|
| ☐ | **EMAIL** to the email address(es) of the person(s) set forth below***, pursuant to the parties' e-mail service agreement.*** | |
| ☒ | **EMAIL** to the email address(es) of the person(s) set forth below***, as a courtesy copy.*** | |
| ☐ | **U.S. MAIL** by placing a true copy for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Seattle, Washington addressed as set forth below. | |
| ☐ | **OVERNIGHT DELIVERY** by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below. | |
| | **Attorneys for Plaintiff**<br>Cassandra W. Lenning, WSBA #54336<br>Danielle E. Kim, WSBA #54154<br>Adarsh N. Parthasarathy, WSBA #62319<br>BIBIYAN LAW GROUP, P.C.<br>1460 Westwood Blvd.<br>Los Angeles, CA 90024<br>Tel: 310-438-5555<br>Fax: 310-300-1705<br>clenning@tomorrowlaw.com<br>dkim@tomorrowlaw.com<br>aparthasarathy@tomorrowlaw.com | **Attorneys for Defendant TalentBurst, Inc.**<br>Peter H. Nohle, WSBA #35849<br>Sungeun Julie Kim, WSBA #57175<br>JACKSON LEWIS P.C.<br>520 Pike Street, Suite 2300<br>Seattle, WA 98101<br>Telephone: (206) 405-0404<br>Peter.nohle@jacksonlewis.com<br>Julie.kim@jacksonlewis.com |

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on October 22, 2026, at Seattle, Washington.

*/s/ Katie Strobel*
Katie Strobel, Attorney Practice Assistant
kstrobel@littler.com
**LITTLER MENDELSON, P.C.**

4906-3345-7113.1 / 100574.1000