The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARNISHA WHEELER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TALENTBURST, INC, a Delaware corporation authorized to do business in the State of Washington; NEUTRON HOLDINGS, INC., a Delaware corporation authorized to do business in the State of Washington; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04276-MLP<br><br>**DEFENDANT NEUTRON HOLDINGS, INC.'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant Neutron Holdings, Inc. ("Defendant") hereby files this Answer, Affirmative and Other Defenses ("Answer") to the Class Action Complaint ("Complaint") filed by Plaintiff Carnisha Wheeler ("Plaintiff").

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b), Defendant generally denies each and every allegation contained in Plaintiff's Complaint, except for the designated averments expressly admitted below.

Defendant admits only the following:

Paragraph 2.1: Defendant admits it is registered to conduct business in Washington state.

Paragraph 2.3: Defendant admits Plaintiff is a resident of Washington State.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Paragraph 3.3: Defendant admits it is a Delaware corporation registered to do business in Washington state.

Paragraph 7.4: Defendant admits Nate Brown is a manager at Defendant's facility.

Paragraph 7.43: Defendant admits its facility contains security cameras.

Except as expressly admitted above, Defendant denies each and every allegation contained in the Complaint and deny the substance of Plaintiff's claims. Defendant denies that Plaintiff or any other individual has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of Defendant and denies that Plaintiff or any other individual are entitled to any relief whatsoever. Defendant further denies: any claim or implication by Plaintiff that this action can be maintained in this Court, since Plaintiff has agreed to individual arbitration as the sole and exclusive forum for her claims; that this action is appropriate to be certified or maintained as a class action; and that Defendant committed any illegal acts or practices that would entitle Plaintiff, or the members of the putative class she seeks to represent, to recover any damages or other relief. Defendant denies it was an employer of Plaintiff or any putative class members. To the extent that the introductory paragraph or any headings contained within the Complaint require a response, Defendant denies the same.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any individual or class relief requested in the section entitled "Prayer for Relief," any of the relief and/or damages sought in the subparagraphs A through K, or any relief at all. Defendant specifically denies any claim or implication by Plaintiff that this action may be brought on behalf of any proposed class, and denies that it committed any unlawful acts or practices that would entitle Plaintiff, or the putative class she seeks to represent, to recover any damages.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's claims, which



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

also may apply to the claims of the individual putative class members Plaintiff seeks to represent, although Defendant denies any claim or implication by Plaintiff that this action is appropriate to be maintained as a class action. Defendant asserts the following defenses without assuming any burden of proof that it does not have as a matter of law. For any individual other than Plaintiff who is a putative member of Plaintiff's proposed class, Defendant reserves the right to assert any of these defenses and seek relief by appropriate motions directed to the allegations of the Complaint. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Defendant also reserves the right to raise any and all other defenses that may become known during discovery and any other phase or proceedings in this action. Subject to and without waiving the foregoing, Defendant pleads:

Defendant asserts the following separately numbered defenses and affirmative defenses without assuming any burden of proof that it does not have as a matter of law. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1. Defendant denies all allegations of fact and conclusions of law not specifically admitted herein. Defendant designates all denials of material allegations as defenses to the extent necessary to provide Defendant with a complete defense of this matter, and additionally states that Plaintiff's Complaint fails because she cannot establish some or all of the elements she is required to prove as to her claims.

2. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted, or for which the damages sought may be awarded.

3. Plaintiff's claims for relief are barred in whole or in part by the applicable statutes of limitations or other applicable limitation periods.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

4. This case may not be maintained as a class action because Plaintiff and the putative class do not satisfy the requirements of Civil Rule 23, including but not limited to the following:

a. Even if Defendant was an employer of Plaintiff (it was not), Class relief is inappropriate because individual issues predominate over issues generally applicable to the putative class. By way of example, consideration of the employment circumstances of the Plaintiff and each putative class action member requires an individual fact-specific inquiry into the actual day-to-day experiences of each individual;

b. Plaintiff's claims are not representative or typical of the claims of the putative class;

c. Plaintiff is not an adequate class representative;

d. Certain of the interests of the Plaintiff are in conflict with the interests of all or certain sub-groups of the members of the alleged putative class, and/or certain interests of putative class members are in conflict with each other; and

e. A class action is not the superior method for adjudicating this dispute.

5. Certification of a class action based on the criteria set forth in Plaintiff's Complaint would violate due process and Civil Rule 23.

6. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff lacks standing to assert claims on behalf of any other person or class, including but not limited to claims for exemplary (double) damages under RCW 49.52.070, statutory or actual damages under RCW 49.62.005 seq. and claims for attorneys' fees.

7. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff's claims for violations of RCW 49.52.050, and for exemplary (double) damages under RCW 49.52.070, SMC 14.20.020, or other provisions of state or Seattle municipal law are barred because, at a minimum, a bona fide dispute exists as to the obligation to pay the wages sought in this action and/or because Defendant did not reach an organizational consensus as to the issue(s) in dispute and/or because Plaintiff knowingly submitted to any alleged violations and/or because Defendant did not act



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

willfully or with any intent to deprive Plaintiff of any part of her wages.

8. Even if Defendant was an employer of Plaintiff (it was not), Defendant acted reasonably and in reliance upon written administrative regulations, orders, or rulings to assure full compliance with all applicable requirements of Washington law, including but not limited to the Washington State Department of Labor and Industries' Administrative Policy ES.C.6.

9. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff's claims for alleged failure to provide meal periods are barred because Plaintiff and the putative class members were able to take, and did take, meal periods equivalent to 30 minutes for each 5 hours worked. To the extent Plaintiff or putative class members did not take particular meal periods, they voluntarily waived their meal periods or they were properly compensated.

10. Defendant was not the proximate or actual cause of the damage alleged by Plaintiff.

11. Plaintiff and the members of the putative class have failed to mitigate their damages and/or failed to protect themselves from avoidable consequences, and/or are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or after-acquired evidence. By way of example, their claims are barred to the extent they failed to follow Defendant's procedures to report and receive compensation for missed meal and/or rest breaks.

12. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff's claims and/or the claims of some or all of the putative class members may be barred, limited, and/or waived by a settlement, judgment, or payment, and/or applicable bankruptcy laws.

13. Even if Defendant was an employer of Plaintiff (it was not), to the extent any sum may be found due and owing to Plaintiff or putative class members, Defendant is entitled to an offset against any damages awarded for amounts paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to any amounts paid to which they were not otherwise entitled or any amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

14. Plaintiff is not entitled to an award of prejudgment interest even if Plaintiff prevails on any or all of her claims because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

15. Defendant's defenses above are likewise asserted as defenses to the claims of any and all members of any class that may be certified in this case.

16. Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further defenses and affirmative defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of its investigation and study.

17. Even if Defendant was an employer of Plaintiff (it was not), Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, cannot be maintained because, upon information and belief, Plaintiff and/or the putative class members entered into agreement(s) to submit claims to binding arbitration.

18. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff's claims are barred, in whole or in part, to the extent the alleged time is de minimis and therefore not compensable under Washington law and related principles governing compensable work time.

19. Even if Defendant was an employer of Plaintiff (it was not), Plaintiff's claims for alleged failure to provide rest breaks are barred because Plaintiff and putative class members were able to take, and did take, intermittent and/or scheduled rest periods equivalent to 10 minutes for each 4 hours worked.

20. Defendant is not a proper party in this matter as it did not employ Plaintiff or any putative class members.

21. Plaintiff's claims are barred by the applicable statute of limitations.

22. Plaintiff and/or putative class members were independent contractors during all or



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

some of the class period.

23. Plaintiff did not exhaust all administrative remedies as to her individual claims.

24. Even if Defendant was an employer of Plaintiff (it was not), Defendant is not liable because of any actions by its managers, supervisors, owners, or employees in the capacity of their employment with Defendant.

25. Even if Defendant was an employer of Plaintiff (it was not), Defendant had no actual or constructive knowledge of any wrongdoing and cannot be liable for any injury Plaintiff purports she suffered.

**DEFENDANT's PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully request that this Court:

(a) Enforce the arbitration agreement against Plaintiff;

(b) Dismiss Plaintiff's class claims without prejudice and hold that she may not pursue class claims in any forum;

(c) Grant such other and further relief as this Court may deem just and proper.

/ /



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: November 11, 2026

*/s/ Matthew Coughlan*
Matthew Coughlan, WSBA Bar No. 56583
mcoughlan@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Alaya B. Meyers
(*Pro hac vice forthcoming*)
ameyers@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612-2535
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
NEUTRON HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On November 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

| | | |
|---|---|---|
| | **Attorneys for Plaintiff**<br>Cassandra W. Lenning, WSBA #54336<br>Danielle E. Kim, WSBA #54154<br>Adarsh N. Parthasarathy, WSBA #62319<br>BIBIYAN LAW GROUP, P.C.<br>1460 Westwood Blvd.<br>Los Angeles, CA 90024<br>Tel: 310-438-5555<br>Fax: 310-300-1705<br>clenning@tomorrowlaw.com<br>dkim@tomorrowlaw.com<br>aparthasarathy@tomorrowlaw.com | **Attorneys for Defendant TalentBurst, Inc.**<br>Peter H. Nohle, WSBA #35849<br>Sungeun Julie Kim, WSBA #57175<br>JACKSON LEWIS P.C.<br>520 Pike Street, Suite 2300<br>Seattle, WA 98101<br>Telephone: (206) 405-0404<br>Peter.nohle@jacksonlewis.com<br>Julie.kim@jacksonlewis.com |

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on November 11, 2026, at Seattle, Washington.

*/s/ Katie Strobel*
Katie Strobel, Attorney Practice Assistant
kstrobel@littler.com
**LITTLER MENDELSON, P.C.**

4924-2824-7519.1 / 129700.1080